UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMANDA AJULUCHUKU,
        Plaintiff,

v.                                       C.A. No.  04-12585-WGY

BANK OF AMERICA,
        Defendant.

MEMORANDUM AND ORDER OF DISMISSAL

YOUNG, C.J.

For the reasons stated herein, this action is dismissed in its entirety.

BACKGROUND

On December 3, 2004, Plaintiff filed a virtually incoherent complaint, replete with extraneous details, against Bank of America. She alleged discrimination based on color and disability, including personal injury, slander, libel, and breach of contract. The chronology of events is not entirely clear, but the crux of the complaint concerns various banking transaction difficulties, and the effect it had on her ability to pay for U-Haul storage.

It appears that in November 2003, Plaintiff deposited a $200 check through an ATM in New Bedford, MA, and took out $100.  She went to Boston that day and tried to withdraw money from the ATM but was unable to, claiming "Fleet Bank had deliberately frozen all my accounts." (Compl. ¶5). In early December 2003, she returned to Fleet Bank in North Dartmouth, MA to resolve the missing check problem.  She claims that while at the bank, she was suffering panic and anxiety attacks and other medical problems, and that Fleet Bank was aware of her disability and did nothing to help her. (Compl. ¶6). She met with a manager about the missing $200 check in her account.  The manager advised that the check did not appear, however he refunded the amount to her account. She later

returned to Boston and tried to conduct an online transaction at Boston University, but made an error, which required her to visit the bank to stop the transaction. The managers there suggested she close out the account. (Compl. ¶7).  She closed out the account in North Dartmouth, and reopened an account at Boston University, since she had planned to attend law school in Andover.

At some point, it appears that Plaintiff had rented storage space in U-Haul and had used her Capital One Credit card to pay for the storage. She had difficulties with U-Haul, claiming she was told she was paid through April 2004, but the next time she telephoned them, she was told her credit card had been declined.  She had to send a $54.00 money order from Fleet bank to cover the rent, however U-Haul claims not to have received it. (Compl. ¶8).  Plaintiff claims she was afraid her belongings would be auctioned off.  She further claims that Fleet in North Dartmouth closed all her accounts at Fleet at Boston University; that they paid the online transaction which she had canceled, and that as a result she was homeless, jobless, penniless, deprived of food, suffered panic and anxiety attacks, and elevated blood pressure (Compl. ¶9).

On January 10, 2004, Plaintiff closed her Fleet accounts and opened an account with Washington Mutual.  Fleet refunded her $18. A week after that, U-Haul advised they did receive the $54 money order from Fleet (3 weeks late), however, they would not allow plaintiff to retrieve her belongings until additional monies were paid. (Compl. ¶13).

Plaintiff claims that Bank of America recently "put a dent on my Chex systems.  I even tried to open an account with another bank. They closed it because they found a dent." (Compl. ¶14). In July 2004, Bank of America demanded that Plaintiff pay them the $200 they had credited to her account. She claims she does not owe them any money (Compl. ¶15).  She seeks $3 billion dollars in damages,

to use to help underprivileged children globally, pay for law school, and her son's education.

After a preliminary screening of the Complaint, this Court entered an electronic Order on January 25, 2005 directing Plaintiff to show cause why this action should not be dismissed for failure to invoke the jurisdiction of this Court. In response, on February 4, 2005, Plaintiff submitted what appears to be an Amended Complaint. The Amended Complaint is virtually identical to the original Complaint, with the following exceptions: Paragraph 11 concerning her injury to her brain sustained as a result of a fall down stairs when she was a baby, was moved to the section entitled "Disability." Additionally, Plaintiff has added Headings to the Complaint, entitled "Discrimination", "Liability", "ADA" and "Mental or Emotional Distress". Within those headings Plaintiff merely includes recitations from Black's Law Dictionary, and bold assertions that she is entitled to relief. Plaintiff presents no additional factual allegations supporting her claims, nor does she respond to this Court's show cause order.

## ANALYSIS

Although the Court recognizes that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in her complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

As indicated above, Plaintiff's complaint is virtually incoherent, and is replete with deficiencies under Fed. R. Civ. P. 8(a), even under a generous reading and utilizing a low pleading requirement for *pro se* litigants. While Plaintiff claims to be disabled, no where does she allege any facts which would raise any discrimination or ADA claim. She merely alleged that Fleet employees saw her fall and did not help her, and knew she was disabled. She does not state how Fleet would have known this, nor does she state how that fact is at all relevant to her banking disputes.

Additionally, Plaintiff claims discrimination on the basis of color, but nowhere provides any predicate factual information, or any causal connection between the alleged banking problems and her race or color. Moreover, there is no factual link establishing a claim for slander or libel.

In brief, the causal connection between her alleged banking problems and her homelessness, joblessness, and myriad of medical and psychiatric problems is tenuous at best.

In light of this, Plaintiff's complaint, even as amended, lacks an arguable legal basis, and she has failed to show cause how the jurisdiction of this Court may be properly invoked.

## CONCLUSION

ACCORDINGLY, for the reasons stated herein, it is hereby ORDERED this action is DISMISSED in its entirety.

SO ORDERED.

DATED: February 17, 2005
/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE